IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBY LEE LYNN, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-1622 |
| v. | : | |
| WILLIAM TOBIN, et al., | : | |
| Defendants. | : | |

**OPINION AND ORDER**

Slomsky, J.                                                                                                                July 7, 2009

**I.     INTRODUCTION**

On May 29, 2007, Plaintiff Bobby Lee Lynn ("Plaintiff") commenced this action by filing a Complaint against Police Officers William Tobin and Wayne Witlock (collectively "Defendants"), both of the Upper Darby Township Police Department.  The gist of Plaintiff's Complaint is that, in the course of arresting him, Defendants seized a briefcase from Plaintiff without cause and without a search warrant.  (Pl. Compl. at 3.)  Plaintiff brought suit under 42 U.S.C. § 1983, alleging that Defendants violated his Fourth Amendment right not to undergo unreasonable searches and seizures.[1]  (Pl. Compl. at 3, 15.)  Plaintiff is acting *pro se* in this

---

[1] The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

1

action.[2]

On December 12, 2008, Defendants filed a Motion to Dismiss, arguing that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants offer several arguments in support of their Motion to Dismiss. First, Defendants argue that Plaintiff's Complaint does not allege that Defendants Tobin and Witlock were acting under color of law at the time of the alleged violation of Plaintiff's Fourth Amendment rights. They argue this omission prevents Plaintiff from stating a claim under § 1983.[3] (Mem. of Law in Sup. Def. Mot. to Dismiss at 5.) Alternatively, Defendants argue they are entitled to the defense of qualified immunity because Plaintiff's Complaint fails to allege that Defendants violated a clearly established constitutional right. (Mem. of Law in Sup. Def. Mot. to Dismiss at 7–10.) Defendants note that Plaintiff fails to plead how his arrest was illegal. Finally, Defendants opine that should the Court read Plaintiff's Complaint to include the claim against Defendants Tobin

---

[2] In his Complaint, Plaintiff requests the Court to appoint counsel "if needed." (Pl. Compl. at 16). Under 28 U.S.C. § 1915(d): "The court may request an attorney to represent any [indigent] person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." The Court is given broad discretion to determine whether to grant a request to appoint counsel. Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). However, "[b]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." Tabron, 6 F.3d at 155 (quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)). At this point, the Court is not satisfied that Plaintiff has met this threshold requirement for appointment of counsel. Should Plaintiff replead his Complaint and allege facts sufficient for the Court to find "some merit in law and fact," the Court will reconsider Plaintiff's request upon the filing of an appropriate motion.

[3] The Complaint alleges that the two officers acted in their capacity as officers of the Upper Darby Township Police Department and for this reason the Court is satisfied that they in fact acted under color of state law.

Case 2:07-cv-01622-JHS   Document 20   Filed 07/07/09   Page 3 of 6

and Witlock in their official capacity,[4] such claim must be dismissed under the doctrine of sovereign immunity. (Mem. of Law in Sup. Def. Mot. to Dismiss at 10–11.)

Plaintiff did not respond to Defendants' Motion to Dismiss, despite the Court ordering Plaintiff to do so in an order dated February 18, 2009.

Because the Court concludes that Plaintiff has not pleaded sufficient facts in his Complaint to state a claim against Defendants, Defendants's motion to dismiss will be granted.

## II.     FACTUAL BACKGROUND

The relevant facts set forth in Plaintiff's Complaint are sparse. It is undisputed, however, that Defendants arrested Plaintiff behind the Upper Darby Police Station on the morning of March 15, 2007, at approximately 3:04 AM.[5] (Pl. Compl. at 3; Mem. of Law in Sup. Def. Mot. to Dismiss at 5.) Plaintiff alleges that in the course of arresting him, Defendants confiscated his briefcase that contained business papers with a cumulative value in excess of $500,000.[6] (Pl. Compl. at 7.) Plaintiff alleges that Defendants confiscated his briefcase without cause and

---

[4] Plaintiff's Complaint does not specify whether he is bringing suit against Defendants in their official or individual capacity, or both.

[5] It is not clear from either Plaintiff's Complaint or Defendants' Motion to Dismiss whether Plaintiff was charged with any crime following his arrest, or whether his arrest is related to the sentence he is currently serving. Defendants do correctly note that nowhere in his Complaint does Plaintiff challenge the validity of his arrest. (Mem. of Law in Sup. Def. Mot. to Dismiss at 6.)

[6] Plaintiff claims the following business papers were in the briefcase: (1) "a contract application for a Government loan up to $500,000"; (2) a bid that had apparently been accepted to repair the sidewalk and driveway of a commercial client for $11,500; (3) a "contract clearing small business to run from Blue Bell Pennsylvania ... making around $143,000 a year ..."; and (4) "business opportunity contract paper work ... from Las Vegas investment program to run a small consultative computer business ... to make $10,000 per week with $2,000 bonus per day." (Pl. Compl. at 10–14.)

without a search warrant, in violation of his Fourth Amendment rights. (Pl. Compl. at 15.)

### III.   MOTION TO DISMISS STANDARD

Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (reasoning that this statement of Rule 12(b)(6) standard remains acceptable following U.S. Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) (internal quotations omitted)).

To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." Phillips, 515 F.3d at 234. When a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472 at *31 (U.S. 2009) (reaffirming rationale set forth in Twombley). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 29. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.

### IV.   DISCUSSION

The Third Circuit has adopted a specific pleading standard for civil rights claims. See, e.g., Kaufmann v. Moss, 420 F.2d 1270, 1275 (3d Cir. 1970) ("This court has adopted the rule that complaints in civil rights case[s] must be specifically pleaded in order to avoid a motion to

dismiss."); Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967) (dismissing complaint of a state prisoner for making only "broad and conclusory" allegations without facts in support of his conclusions); Pugliano v. Staziak, 231 F. Supp. 347, 349 (W.D.Pa. 1964) ("In an action for damages under the Civil Rights Act, the plaintiff must allege highly specific facts.  It is not enough to state bare conclusory allegations without support in facts alleged.") (internal citations omitted); Schweiker v. Gordon, 442 F. Supp. 1134, 1139 (E.D.Pa. 1977) ("[I]n pleading a civil rights claim, the 'short and plain statement of the claim that the pleader is entitled to relief' must contain specific factual allegations in support of the plaintiff's right to recovery.") (citations omitted).  The reason for a specific pleading requirement in civil rights cases was explained in Kaufmann v. Moss:

> In recent years there has been an increasingly large volume of cases brought under the Civil Rights Acts.  A substantial number of these cases are frivolous or should be litigated in the State courts; they all cause defendants–public officials, policemen, and citizens alike–considerable expense, vexation and perhaps unfounded notoriety.  It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the federal courts open to legitimate claims.

420 F.2d at 1276 (quoting Valley v. Maule, 297 F. Supp. 958 (D.Conn. 1968)).  Furthermore, this standard applies equally to *pro se* plaintiffs.  Barlow v. Pep Boys, Inc., 625 F. Supp. 130, 132 (E.D.Pa. 1985) ("The Third Circuit requires specific factual allegations in support of the claim for relief when a civil rights violation is alleged, even when the pleader is acting *pro se*.").  While the specific pleading requirement does not require that Plaintiff plead all evidence in support of his claim, it does require that he plead allegations sufficient to assure this Court that his claim has some basis in fact.  Flesch v. E. Pa. Psychiatric Inst., 434 F. Supp. 963, 973 (E.D.Pa. 1977).

      The Court is not satisfied that Plaintiff has pleaded sufficiently specific facts in support of

his allegation.  The only support the Complaint offers for Plaintiff's claim that his Fourth Amendment rights were violated is that the seizure was "in violation of the law," "without [a] search warrant," and without cause.  (Pl. Compl. at 15.)  While these allegations could "plausibly give rise to an entitlement to relief," Ashcroft, No. 07-1015, 2009 U.S. LEXIS 3472 at *31, they are not sufficient "to assure this Court that his claim has some basis in fact."  Flesch, 434 F. Supp. at 973 (E.D.Pa. 1977).  This is especially so in light of Plaintiff's failure to challenge the validity of his arrest, a fact which gives rise to the presumption that this was a lawful seizure made incidental to a lawful arrest.

While this deficiency is sufficient to sustain Defendants' Motion to Dismiss, under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be given freely when justice so requires.  Fed. R. Civ. P. Rule 15(a); Kauffman, 420 F.2d at 1276 ("[W]e do not ... intend to subvert the liberal policy favoring amendment of complaints expressed in Rule 15(a).")  This Court must adhere to the liberal policy in favor of amending complaints.  Accordingly, Plaintiff's Complaint will be dismissed without prejudice so that Plaintiff may amend his Complaint to plead more specific facts in support of his allegations that Defendants deprived him of his Fourth Amendment right to be free from unreasonable searches and seizures.

**V.    CONCLUSION**

For the reasons stated above, Defendants's Motion to Dismiss is granted.  Plaintiff is granted leave to amend his Complaint in conformity with this Opinion.  An amended complaint must be filed within thirty (30) days of the date of this Opinion.

An appropriate Order follows.